## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHEN A. COX,

      **Plaintiff,**

**v.**                                                     Case No. 8:11-cv-2860-T35-AEP

MICHAEL J. ASTRUE,
Commissioner of Social Security

      **Defendant.**

_____/

### ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Complaint seeking review of the denial of his claims for Social Security Disability benefits and Supplemental Security Income benefits.  (Dkt. 1.)  On February 7, 2013, United States Magistrate Judge Anthony E. Porcelli issued a Report and Recommendation ("R&R"), recommending that the decision of the Commissioner be affirmed because the ALJ's decision was based on substantial evidence and employed the proper legal standards (Dkt. 19).  Plaintiff timely filed an objection to the Magistrate Judge's R&R.  (Dkt. 20.)

### I.    STANDARD OF REVIEW

In the Eleventh Circuit, a district judge may accept, reject or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); see Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28

U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); see Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

## II.    DISCUSSION

Plaintiff's first objection is that that the Magistrate Judge erred in finding the ALJ properly considered Plaintiff's subjective complaints of pain and other symptoms. Specifically, Plaintiff argues that the Magistrate Judge's finding that Plaintiff's diabetes was under control is a mischaracterization of the evidence and the Magistrate Judge erred in finding the ALJ properly disregarded Plaintiff's complaints of symptoms associated with Plaintiff's neuropathy.  Plaintiff's next objection is that the Magistrate Judge erred in finding the ALJ properly found Plaintiff's renal failure was a non-severe impairment.  Plaintiff also contends that the Magistrate Judge erred in finding the ALJ satisfied his duty to an unrepresented party to develop a full and fair record. Plaintiff's argument on that point appears to be that the ALJ should have examined the vocational expert ("VE") further to inquire about Plaintiff's limitations and should have helped Plaintiff better understand the VE's testimony.   Finally, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ's classification of Plaintiff's work of

landscape laborer, cleanup worker, and peddler/solicitor, as past relevant work was harmless error.

As to Plaintiff's first objection, the Magistrate Judge did not err in finding that the ALJ's finding that Plaintiff's diabetes was controlled was supported by substantial evidence.  As the Magistrate Judge stated, Plaintiff's primary doctor indicated that Plaintiff's diabetes symptoms were controlled by insulin.  (Dkt. 11-9.)  Subsequent evaluations from other doctors indicated that Plaintiff's diabetes was "stable on diet and medication" and that Plaintiff's blood sugar was "better controlled." (Dkt. 11-9)  As to Plaintiff's neuropathy, the Magistrate Judge properly found that the ALJ did not err in disregarding Plaintiff's complaints regarding symptoms associated with his neuropathy. As the Magistrate Judge explained, the record evidence supported the ALJ's findings that the neuropathy was treated conservatively and did not present disabling limitations. See (Dkt. 11-8.)   The record also supports the ALJ's finding that while Plaintiff had diminished pulses in his feet, Plaintiff's other pulses were normal and no active treatment was recommended.  See (Dkt. 11-9.)  Finally, the record supports the ALJ's finding that a consultative examiner stated that Plaintiff had no difficulty getting on or off the exam table; had no difficulty rising from a chair; and his neurological examination was normal.  (Id.)

As to Plaintiff's second objection, the Magistrate Judge was correct in finding that even assuming *arguendo* the ALJ could have found Plaintiff's renal insufficiency or failure constituted a severe impairment at step two, his failure to do so was harmless because the finding of *any* severe impairment is enough to meet the demands of step two.   Here, since the ALJ found that Plaintiff suffered from severe impairments related

to his diabetes, neuropathy, shortness of breath, hypertension, and arthritis (Dkt. 11-2, p. 3), the demands of step two were satisfied.

As to Plaintiff's argument that the ALJ failed to fulfill his duty to an unrepresented claimant to fully develop the record, the Magistrate Judge did not err in finding that, even assuming the ALJ did not fully develop the record, remand is not appropriate unless the Plaintiff can show that he was prejudiced by the ALJ's failure to develop a full record.[1]  See Kelly v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985).  To show prejudice the Plaintiff must at least show that the ALJ did not have all of the relevant evidence before him in the record, or that the ALJ did not consider all of the evidence in the record in reaching his decision.  Kelly, 761 F.2d at 1538.  As the Magistrate Judge found, Plaintiff has not shown how the lack of explanation of the VE's testimony prejudiced the Plaintiff.  The Magistrate Judge also noted that the ALJ asked Plaintiff after the VE's testimony if Plaintiff had a question for the VE or for the ALJ himself.  But Plaintiff did not ask any questions.  See (Dkt. 11-2.)

With regard to Plaintiff's final objection, as the Magistrate Judge found, even assuming arguendo that the ALJ erred by classifying Plaintiff's jobs as landscape laborer, cleanup worker, and peddler as past relevant work, the error was harmless since the VE testified that Plaintiff could perform other work.  Specifically, the VE testified that a hypothetical individual with Plaintiff's residual functional capacity could perform other work that exists in significant numbers in the national economy such as a linen room attendant, hospital food service worker, and bus person.  (Dkt. 11-2.)  Thus, the Magistrate Judge did not err in finding that the ALJ's finding that Plaintiff could

---

[1]The Court notes that there is no evidence indicating that the ALJ failed to fulfill his basic duty to Plaintiff to develop a full and fair record.

perform other work and therefore was not disabled under the Social Security Act was supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation (Dkt. 19) is **CONFIRMED** and **ADOPTED** as part of this Order;

2. The decision of the Commissioner of Social Security is **AFFIRMED**;

3. The Clerk is directed to enter judgment in favor of the Defendant; and,

4. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida, this 14th day of March 2013.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record